J-A25014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RAFAEL MORA POLANCO :
:
Appellant : No. 290 MDA 2020

Appeal from the PCRA Order Entered January 9, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002569-2015

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED MARCH 11, 2021**

Rafael Mora Polanco appeals from the January 9, 2020 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"). We affirm.

This Court has previously summarized the underlying factual circumstances of this case, which concern the shooting death of Jorge Marrero ("the victim"), in Hazelton, Pennsylvania, on the evening of June 11, 2015. *See Commonwealth v. Polanco*, 185 A.3d 1114 (Pa.Super. 2018) (unpublished memorandum at 1-2). Specifically, the shooting was reported to police at 10:30 p.m., and the victim was pronounced dead at an area hospital at 11:00 p.m. *Id*. at 1. The Commonwealth's subsequent investigation quickly revealed that Appellant killed the victim over a disputed cocaine transaction in front of several eyewitnesses. *Id*. at 1-2. In connection with these events, Appellant was arrested and charged with criminal homicide.

Appellant filed timely notice of an alibi defense pursuant to Pa.R.Crim.P. 567, asserting that he was present at: (1) a Turkey Hill convenience store; and (2) the Lehigh Valley Hospital, respectively, at the time of the victim's murder on the evening of June 11, 2015. *See* Appellant's Notice of Alibi, 1/15/16, at ¶ 2(a)-(b). In a timely reciprocal notice, the Commonwealth announced its intention to disprove Appellant's defense. *Accord* Pa.R.Crim.P. 567(C). Following pre-trial discovery and motions practice, Appellant's case proceeded to a jury trial.

At trial, Appellant pursued the aforementioned alibi defense as follows:

Appellant testified at trial that[,] at the time of the victim's murder[,] he walked five to seven blocks from his mother's house to a Turkey Hill to purchase cigarettes. He then obtained a ride from a former girlfriend, Deborah Deisenroth-Hilliard, to the hospital due to a cough he was experiencing. Appellant did not know when this occurred. A loss prevention manager for Turkey Hill testified that a video from June 11, 2015 shows a vehicle identified by [Ms.] Deisenroth-Hilliard as hers, entering the Turkey Hill parking lot at 10:58 p.m.[1] Ms. Deisenroth-Hilliard [testified] that she received a call from Appellant at 10:41 p.m. on June 11, 2015 requesting that she pick him up at Turkey Hill and take him to the [Lehigh Valley Hospital]. Her residence was located approximately ten to fifteen minutes away from Turkey Hill. The shooting took place eleven minutes **before** Appellant called Ms. Deisenroth-Hilliard.

*Polanco*, *supra* at 2 (internal brackets omitted; emphasis added). Ultimately, the jury convicted Appellant of first-degree murder and the trial court sentenced him to life without the possibility of parole ("LWOP").

---

[1] As explained *infra*, this video bears an incorrect timestamp erroneously suggesting that the footage was captured one hour earlier, *i.e.*, at 9:58 p.m.

Appellant filed a timely direct appeal to this Court, challenging the sufficiency of the Commonwealth's evidence. Specifically, Appellant emphasized that the jury had inappropriately rejected his alibi defense. This Court disagreed, noting that the trial court had correctly observed that "even if the jury believed Appellant's testimony, he still had an opportunity to commit the murder, walk to Turkey Hill and obtain a ride to the hospital based on the facts established in his case." *Id*. at 4 (internal brackets omitted). On February 13, 2018, this Court affirmed Appellant's judgment of sentence. *Id*. at 5. Appellant did not file a petition for allowance appeal with the Supreme Court of Pennsylvania.

Appellant filed a timely *pro se* petition for relief under the PCRA. The PCRA court appointed counsel to represent Appellant. In a counseled supplemental PCRA filing, Appellant averred that trial counsel was ineffective for allegedly failing to realize and advise Appellant that the timestamp on the aforementioned Turkey Hill video was incorrect. As a loss prevention manager from Turkey Hill explained at trial, this timestamp was generated by the video camera's timekeeping function, which must be manually changed to account for daylight savings. *See* N.T. Trial, 2/3/17, at 887-94. In this case, the manual clock incorrectly indicated that the footage of Ms. Deisenroth-Hilliard's vehicle was taken at 9:58 p.m. on the evening in question. The loss prevention manager clarified that the Turkey Hill's automated store clock confirmed that the correct time of capture was 10:58 p.m. *Id*.

Appellant averred that he had labored under the mistaken belief that this video footage supported his alibi defense because of the incorrect timestamp. This alleged misapprehension caused him to reject a pre-trial plea offer from the Commonwealth, wherein Appellant could have pled guilty to third-degree murder in exchange for a sentence recommendation of twenty to forty years of incarceration. *See* N.T. PCRA Hearing, 11/15/19, at 14-15. Thus, Appellant averred that trial counsel was ineffective for failing to advise him of the above-noted discrepancy in the timestamp of the video. Had he been so properly informed, Appellant now claims he would have accepted.

At the PCRA hearing, trial counsel testified as follows. He filed an alibi defense based upon representations from Ms. Deisenroth-Hilliard that she could account for Appellant's whereabouts at the time of the victim's murder.[2] *Id*. at 12-13. During his pre-trial investigation he learned that the timestamp on the Turkey Hill video was inconsistent with the records documenting Appellant's aforementioned visit to the Lehigh Valley Hospital, which showed him arriving at approximately 11:05 p.m.[3] Thus, there was an as-then-unexplained one-hour difference between the documentation. Trial counsel testified that he alerted Appellant to this inconsistency on multiple occasions,

---

[2] Ultimately, Ms. Deisenroth-Hilliard was not an alibi witness for Appellant and testified as detailed above. *See* N.T. Trial, 2/3/18, at 854-56.

[3] Ms. Deisenroth-Hilliard testified it took "approximately ten minutes" to reach the hospital after leaving the Turkey Hill. N.T. Trial, 2/3/18, at 872-73.

but that Appellant held fast to his original alibi and asserted that the timestamp on the Turkey Hill video was correct and the time present on the hospital records was incorrect. *Id*. at 14-15. Accordingly, Appellant rejected the aforementioned plea offer and proceeded to trial.[4]

On January 9, 2020, the PCRA court filed a memorandum and order denying Appellant's petition for relief. Due to inadvertent error by PCRA counsel,[5] Appellant was permitted to file an appeal *nunc pro tunc* by the PCRA court. Both Appellant and the PCRA court have complied with their obligations pursuant to Pa.R.A.P. 1925. Appellant has raised one issue for our consideration: "Whether trial counsel was ineffective in causing Appellant to reject a guilty plea offered by the Commonwealth?" Appellant's brief at 4.

We begin our review with the following basic legal principles in mind:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA and the evidence of record, viewed in the light most favorable to the

_____

[4] Appellant claims that he first learned of the discrepancy concerning the videotape during the trial itself. However, trial counsel offered competing testimony detailing how he had attempted to address the incorrect timestamp with Appellant on numerous occasions prior to trial. Counsel also testified that, during the trial itself, he met with Appellant to inform him of the loss prevention manager's testimony. N.T. PCRA Hearing, 11/15/19, at 6, 14-15. At no point either before or during trial did Appellant manifest any interest in attempting to reopen plea negotiations with the Commonwealth. *Id*. at 8-9.

[5] On February 11, 2020, PCRA counsel set a letter to the PCRA court explaining that she had failed to file a timely appeal on Appellant's behalf due to the court's final order being mailed to an incorrect address. This resulted in Appellant's notice of appeal being submitted one day late.

prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) (internal quotation marks, brackets, and citations omitted).

Under Pennsylvania law, counsel is presumed effective and, in order to overcome that presumption, a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.[6] ***See Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). With specific reference to Appellant's claim, this Court has previously observed that "a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea" must demonstrate that,

> but for the ineffective assistance of counsel, there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than the judgment and sentence that in fact were imposed.

---

[6] "The three-factor approach utilized in Pennsylvania derives from our [Supreme Court's] application in ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987), of the 'performance and prejudice' test articulated by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984)." ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2004).

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa.Super. 2015) (citing *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

Instantly, Appellant's arguments on appeal are in complete parity with the issues investigated at the PCRA hearing and detailed above: "Appellant contends that his trial [counsel] was ineffective in failing to notify him of the erroneous timestamp on a video obtained from Turkey Hill with the time being central to his alibi defense, which caused him to reject the guilty plea offer to third[-]degree murder." Appellant's brief at 5. We disagree.

The PCRA court provided an apt summary of its rejection of Appellant's allegations of ineffectiveness: "[T]he credible testimony of trial counsel clearly established that [Appellant] never had an interest in entering a guilty plea to third[-]degree murder. [Appellant] believed he had an alibi defense in spite of being told by trial counsel that the time on the Turkey Hill video was incorrect." Memorandum, 1/9/20, at 5.

Instantly, the PCRA court determined that there was no miscommunication or mistake regarding the timestamp on the video recording from the Turkey Hill. Rather, Appellant was advised several times that there was a discrepancy in the chronology of his alibi defense, but chose to ignore those warnings. Reviewing the certified record and testimony of trial counsel at the PCRA hearing, we find ample support for the PCRA court's conclusion that trial counsel's testimony was credible. Thus, this determination is binding upon us. *Accord Medina*, *supra* at 1214-15.

Overall, we find that Appellant failed to establish the arguable merit of this claim. *See*, *e.g.*, *Commonwealth v. Koehler*, 36 A.3d 121, 140 (Pa. 2012) (concluding that a PCRA petitioner failed to demonstrate "arguable merit" where the record supported the PCRA court's rejection of the claim by indicating that there was no error). As our Supreme Court has noted, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009). Thus, Appellant's ineffectiveness claim necessarily fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/11/2021